IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| EDGAR BALTAZAR GARCIA | § | |
| VS. | § | CIVIL ACTION NO. 1:15cv406 |
| UNITED STATES OF AMERICA | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Edgar Baltazar, an inmate confined within the Bureau of Prisons, through counsel, filed the above-styled motion to vacate, set aside or correct sentence. The court referred the matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable orders of this court.

The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this case. The Magistrate Judge recommends the motion to vacate, set aside or correct sentence be dismissed as barred by the applicable statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Movant filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the applicable law.

A one-year period of limitations applies to motions to vacate filed pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). Generally, the period of limitations begins to run on the date on which the judgment of conviction became final. In this case, however, movant maintains the period of limitations began to run on the date on which an impediment to filing a motion created by governmental action in violation of the Constitution was removed. 28 U.S.C. § 2255(f)(2).

Movant's plea agreement contained a provision whereby he waived the right to contest his sentence in a motion to vacate filed pursuant to 28 U.S.C. § 2255 unless the punishment imposed exceeded the statutory maximum or the motion to vacate raised a claim of ineffective assistance of counsel affecting the validity of this waiver. Movant asserts the waiver was unconstitutional and

therefore constituted an unconstitutional impediment to timely filing a motion to vacate. He states the impediment was removed on October 14, 2014, when the Department of Justice issued a Memorandum instructing federal prosecutors to no longer seek a waiver of claims of ineffective assistance of counsel in plea agreements and to decline to enforce such a waiver in certain circumstances. If the period of limitations applicable to movant started to run on October 14, 2014, his motion to vacate would be timely.

The Magistrate Judge found movant's argument to be without merit based on his conclusion there was never an impediment to movant filing a motion to vacate. The Magistrate Judge concluded movant could have filed a motion to vacate asserting his ineffective assistance of counsel claim within one year of the date on which his judgment of conviction became final. If the government attempted to enforce the waiver in the plea agreement, he could have asserted the waiver was unconstitutional, just as he argues here. The Magistrate Judge further concluded movant was not entitled to equitable tolling because he did not diligently assert his rights and there were no extraordinary circumstances preventing him from filing a timely motion to vacate.

In his objections, movant first asserts the Magistrate Judge misconstrued the meaning of the term impediment. In his Report, the Magistrate Judge stated courts have recognized an unconstitutional impediment might exist if the government denied an unrepresented prisoner access to a law library. Movant asserts impediment should not be read so as to require that government action rendered the filing of a motion to vacate a complete impossibility. Instead, the term impediment should be interpreted as meaning a hindrance or an obstacle to filing a motion to vacate.

In *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003), the petitioner's habeas corpus petition was dismissed as barred by the applicable statute of limitations. At one of the prison units to which he was assigned during the relevant period, the petitioner was denied all access to a law library. In another prison unit to which he was assigned, the law library did not contain the statute which established the relevant period of limitations. The United States Court of Appeals for the Fifth Circuit held that the petitioner was prevented from filing a timely habeas by an unconstitutional

impediment. The court concluded petitioner had no way of knowing there was a statute of limitation applicable to his petition.

In *Egerton*, the petitioner had no way of knowing there was a period of limitations relevant to his petition. While the state created unconstitutional impediment did not make it impossible for him to file a timely petition, it did prevent him from knowing there was a deadline for filing his petition. In the case before the court, the impediment movant cites in no way prevented him from filing a motion to vacate within one year of when his judgment of conviction became final. It would have merely forced him to demonstrate that the waiver in his plea agreement was unconstitutional and therefore unenforceable in order for the court to reach the merits of his petition. As nothing would have prevented him from attempting to demonstrate the waiver was unconstitutional, as he is attempting to do here, there was no impediment to him timely filing a motion to vacate.

Movant cites no cases in which a court has held that the Department of Justice Memorandum removed a government created unconstitutional impediment. But, several courts have rejected this argument. *United States v. Taghon*, 2016 WL 5247923 (N.D. Ind. Sept. 21, 2016); *Middlemas v. United States*, 2016 WL 1222211 (D. Conn. Mar. 28, 2016); *Cabell v. United States*, 2015 WL 13754963 (S.D. Ind. May 12, 2015); *United States v. Price*, 2015 WL 2167216 (W.D. Pa. May 8, 2015); *United States v. Kelly*, 2015 WL 1897595 (E.D. La. Apr. 27, 2015). The court agrees with these courts and the Magistrate Judge. The Memorandum cited by movant did not remove a government created unconstitutional impediment that prevented him from filing a timely motion to vacate. The current motion to vacate was therefore not timely filed.

Movant also objects to the Magistrate Judge's conclusion that regarding his entitlement to equitable tolling. He asserts the unconstitutional waiver provision in his plea agreement was an extraordinary circumstance which prevented him from filing a timely motion to vacate. He further contends he needed 11 months to investigate, prepare and present his motion to vacate and therefore

3

diligently pursued his rights.[1]

To be entitled to equitable tolling, a movant mush show: (1) he has pursued his rights diligently and (2) some extraordinary circumstance prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The government's conduct may constitute an extraordinary circumstance. *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2015).

Here, there was no extraordinary circumstance because the government's conduct did not prevent movant from timely filing a motion to vacate. Even if there were extraordinary circumstances, a delay of 11 months in the filing of the motion to vacate prevents the conclusion that movant diligently pursued his rights. *Melacon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (delay of four months precluded finding of due diligence); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (delay of six months precluded due diligence finding). Movant is therefore not entitled to equitable tolling.

ORDER

Accordingly, the objections are **OVERRULED**. The proposed findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered dismissing this motion to vacate, set aside or correct sentence.

In addition, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard for granting a certificate of appealability requires a movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). In making a substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists

---

[1] The motion to vacate was filed more than 11 months after the date on which the Memorandum was issued.

of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *Slacke*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the movant has not shown that the issue of whether his motion to vacate is barred by the applicable statute of limitations is subject to debate among jurists of reason. In addition, the questions presented with respect to this issue are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not be issued.

So **ORDERED** and **SIGNED March 19, 2019.**

_____
Ron Clark, Senior District Judge